| | |
|---|---|
| NORANDA ALUMINA, LLC | CIVIL ACTION |
| | NO: 16-16677 |
| VERSUS | |
| ASSOCIATED TERMINALS, LLC | SECTION: "J"(5) |

## ORDER & REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is the Report and Recommendation issued by the United States Magistrate Judge assigned to this case. **(Rec. Doc. 34.)** On November 8, 2017, Associated Terminals, LLC ("Associated") filed a *Motion to Dismiss With Prejudice for Failure to Comply with a Court Order and Abuse of Discovery*.[1] (Rec. Doc. 17.) The Court referred the motion to the Magistrate Judge for a Report and Recommendation. After a hearing, the Magistrate Judge issued his Report on January 4, 2018, with the recommendation that the motion be granted and that the claims of Noranda Alumina, LLC ("Noranda") be dismissed with prejudice. (Rec. Doc. 34.) Noranda filed an objection to the Report (Rec. Doc. 36) and Associated filed a response (Rec. Doc. 39). Having considered the motion, the Magistrate Judge's Report and Recommendation, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

---

[1] Noranda filed an opposition to the motion (Rec. Doc. 23) and Associated filed a reply (Rec. Doc. 24).

**A. Facts and Procedural Background**

This case concerns cross-claims for property damage arising out of stevedoring operations at Noranda's Gramercy, Louisiana facility. Specifically, Noranda has asserted a claim for damages against Associated arising out of the March 2016 partial collapse of Noranda's dock fendering system. Associated filed a counterclaim for damage to the hull of its vessel, the M/V MISS TARA, allegedly caused by the deteriorated condition of the dock.

In October 2015, Associated began stevedoring operations for Noranda at the Gramercy facility. Associated was tasked with unloading bauxite from oceangoing vessels with the help of Associated's crane barges. Associated alleges that it was hesitant to commence operations on the dock due to the dock's deteriorated condition but proceeded after receiving various assurances from Noranda that improvements would be forthcoming. On February 8, 2016, Noranda filed for Voluntary Chapter 11 Bankruptcy. Associated alleges that at that time, Noranda owed Associated over $1.3 million for services rendered, however it continued its operations for Noranda. Associated claims that it has not recovered any of those accounts receivable to date.

On March 16, 2016, part of Noranda's dock face and fender system collapsed into the river. On May 9, 2016, Associated discovered significant damage to its crane barge, the M/V MISS

TARA, which was allegedly caused by submerged portions of the collapsed dock structure. After discovering the damage, Associated immediately placed Noranda on notice that it held Noranda responsible for the damages.

Without any prior notice of a claim, on June 6, 2016, Noranda filed an Adversary Complaint against Associated in Noranda's Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Missouri. In the complaint, Noranda alleges that Associated caused the Gramercy dock collapse by damaging the dock during its stevedoring operations. Noranda seeks $1.5 million from Associated for a new dock fender system.

On August 4, 2016, Associated filed an answer and counterclaim for the damage caused to the M/V MISS TARA. On August 10, 2016, Associated issued to Noranda the written discovery that is the subject of the instant motion, responses to which were due on September 28, 2016. Noranda did not respond to the discovery requests.

On November 23, 2016, the bankruptcy proceeding was closed and Noranda transferred the claims to this Court. The following is a summary of the relevant procedural history pertinent to the present motion:

- On March 23, 2017, the Court issued a Scheduling Order (Rec. Doc. 6), setting forth the following deadlines:

    o Plaintiff's expert reports due    August 9, 2017

- o Pretrial motion deadline        September 26, 2017

- o Discovery deadline        October 6, 2017

- o Pretrial conference        November 11, 2017

- o Non-jury Trial        December 4, 2017

- Beginning on May 3, 2017, counsel for Associated began inquiring about Noranda's overdue responses to Associated's written discovery requests (issued August 10, 2016, responses due September 28, 2016). Associated formally inquired about the responses again on June 12, 2017 and July 13, 2017. Associated warned Noranda that it would file a motion to compel if Noranda failed to timely provide responses. (Rec. Doc. 7-3.)

- On August 3, 2017, Associated arranged a Rule 37 discovery conference and a second conference on August 10, 2017. (Rec. Doc. 7.) Despite the two conferences, Noranda still did not provide responses to Associated's discovery requests.

- On August 11, 2017, Associated requested dates for corporate depositions and the depositions of four fact witnesses. Noranda did not provide any available dates. (Rec. Doc. 17-11.)

- On August 14, 2017, Associated filed a *Motion to Compel*. (Rec. Doc. 7.) On August 22, 2017, counsel for Noranda filed a two-and-a-half page opposition memorandum to Associated's motion to compel, suggesting that the discovery delay was his

fault because he had been busy attending to another case, but was "endeavoring to provide Noranda's responses to Associated's discovery prior to the motion hearing on August 30, 2017." (Rec. Doc. 9 at 2.)

- On August 23, 2017 and August 28, 2017, Associated again sought dates from Noranda for the depositions of Noranda's fact witnesses. Noranda again provided no dates. (Rec. Doc. 17-11.)

- On August 30, 2017, after the hearing on the motion to compel, the Magistrate Judge ordered Noranda to fully and formally respond to the outstanding discovery within 14 days, without objection. (Rec. Doc. 10.) The Magistrate Judge held Associated's request for reasonable expenses, including attorneys' fees, in abeyance pending compliance with the Order.

- On August 28, 2017 and September 1, 2017, Associated issued a subpoena and Notice of 30(B)(6) corporate deposition to Noranda and Noranda's apparent successor entity, New Day Aluminum, LLC ("New Day").[2] Noranda and New Day's responses would have been due on September 27 and October 2, 2017, respectively. (Rec. Doc. 17-11.) No responses were provided.

_____

[2] New Day Aluminum, LLC purchased Noranda's claim out of bankruptcy in October of 2016. Due to internal company reorganization, Gramercy Holdings I, LLC ("Gramercy Holdings") then became the owner of the claim. (Rec. Doc. 30.)

- On September 1, 2017, Associated's counsel, for the third time, requested deposition dates for fact witnesses by the close of business on September 6, 2017.

- On September 13, 2017, the deadline ordered by the Magistrate Judge for Noranda to provide full and complete responses to written discovery without objection, counsel for Noranda asked Associated's counsel for an additional "day or two" to respond. (Rec. Doc. 17-5.) Counsel for Noranda did not request an extension from the Magistrate Judge.

- That same day (when responses were due per the Magistrate Judge's order) Noranda's counsel requested certain material, responsive information from his client. (Rec. Doc. 17-8.)

- On September 15, 2017, two days after the Magistrate Judge ordered full and complete responses, Noranda provided Associated with partial, incomplete responses. (Rec. Doc. 34.)

- On October 10, 2017, due to Noranda and New Day's failure to respond to Associated's Notice of 30(B)(6) corporate deposition, Associated unilaterally noticed the corporate depositions for October 25 and 26, and again notified Noranda of its overdue responses to the Corporate Deposition Notices. (Rec. Doc. 17-12.)

- Following up on Noranda's incomplete responses, on October 12, 2017, Associated requested that Noranda "produce all responsive documents within seven days or issue supplemental discovery responses certifying that no such document exist." (Rec. Doc. 17-9.)

- One week before the noticed depositions, on October 18, 2017, Associated's counsel yet again requested complete responses to its written discovery. (Rec. Doc. 17-13.)

- Noranda's ongoing failure to respond to these requests caused Associated's counsel to request a telephone conference with the Magistrate Judge, during which Noranda stated for the first time that it did not "own" the claim that it was asserting as the nominal plaintiff in this matter. The Magistrate Judge gave Noranda 48 hours to notify him and Associated of the identity of the real party in interest that owns the claim being asserted by Noranda.

- On October 25, counsel for Noranda informed the Magistrate Judge by letter that the true owner of the claim is non-party, Gramercy Holdings I, LLC ("Gramercy Holdings"), and that there were no funds remaining in the estate of the bankrupt debtor (Noranda) to satisfy any judgment against it in this case. (Rec. Doc. 30.)

- On November 1, 2017, the Magistrate Judge held a Court-ordered settlement conference with the parties, which was unsuccessful. (Rec. Doc. 15.)

- On November 7, 2017, due to a conflict in the Court's calendar, the Court issued an order continuing the November 9, 2017 pretrial conference and December 4, 2017 trial. (Rec. Doc. 16.) The Court also ordered that the parties participate in a telephone conference with the Court on November 9, 2017.

- During the telephone conference with the parties on November 9, 2017, the Court reset trial for March 5, 2018, with a pretrial conference on February 18, 2018. (Rec. Doc. 19). The Court expressly declined to extend any other pretrial deadlines, all of which had expired by that time.

- On November 8, 2017, Associated filed the present *Motion to Dismiss With Prejudice for Failure to Comply with a Court Order and Abuse of Discovery*. **(Rec. Doc. 17.)** The Court referred the motion to the Magistrate Judge on November 9, 2017 for issuance of a Report and Recommendation. (Rec. Doc. 20.) Noranda responded to the motion (Rec. Doc. 23) and Associated filed a reply (Rec. Doc. 26). The Magistrate Judge

held oral argument on the motion on November 29, 2017. (Rec. Doc. 31 (transcript)).[3]

- On January 3, 2018, the Magistrate Judge issued his Report recommending that Associated's motion be granted and Noranda's claims be dismissed with prejudice. (Rec. Doc. 34.)

- At the request of Noranda's counsel, the Magistrate Judge extended the deadline to file an objection to the Report from January 17, 2018 to January 26, 2018. (Rec. Doc. 35.)

- On January 26, 2018, Noranda filed its objection to the Report (Rec. Doc. 36) and Associated filed a response (Rec. Doc. 39).

- On February 8, 2018, the Court continued the pretrial conference to February 26, 2018. (Rec. Doc. 40.)

B. **Report and Recommendation Findings**

On January 3, 2018, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant Associated's motion and dismiss Noranda's claims with prejudice for failure to comply with a court order and multiple, ongoing discovery violations. (Rec. Doc. 34.)

---

[3] The Magistrate Judge ordered counsel for Associated to file supplemental memorandum showing the fees and costs incurred by Associated in connection with the original motion to compel and the motion for sanctions. (Rec. Doc. 29). Associated filed the supplemental memorandum (Rec. Doc. 32) and Noranda filed a response (Rec. Doc. 33).

First, the Magistrate noted that there is no reasonable excuse for Noranda's failure to respond to discovery requests that have been outstanding for over a year, especially when Associated repeatedly inquired about those long-overdue responses beginning in May 2017. Next, the Magistrate noted that after months of sending requests to Noranda and receiving no response, Associated was forced to file a motion to compel. At the August 30, 2017 hearing on the motion to compel, counsel for Noranda informed the Magistrate Judge that it <u>still</u> had not produced those discovery documents. Accordingly, the Magistrate Judge ordered Noranda to respond fully and without objection to the outstanding discovery requests by September 13, 2017. The Magistrate determined that by the date of that hearing, August 30, 2017, Noranda's conduct did not necessarily warrant a recommendation of dismissal, however, it did constitute a failure to participate in discovery, and arguably, a failure to prosecute its claims. (Rec. Doc. 34 at 9.)

Next, the Magistrate discussed Noranda's conduct subsequent to that hearing. First, the Magistrate stated that Noranda violated his August 30, 2017 order -- "an order only made necessary by Noranda's complete failure to provide a single document in response to discovery that was more than a year old" – when it failed to provide any documents by the September 13, 2017 deadline.[4] (Rec.

---

[4] Noranda claims that the Magistrate incorrectly found that he failed to produce <u>any</u> documents by September 13, 2017. The Court addresses this argument below.

Doc. 34 at 10.) Then, the Magistrate noted that Noranda further violated his August 30, 2017 order when it provided deficient, incomplete responses two days later. The responses were deficient because many of them merely stated that counsel for Noranda was still "investigating" and "researching" certain requests, "awaiting receipt of additional documents," or "seeking copies" of responsive documents. (Rec. Doc. 34 at 10.) Additionally, Noranda had not informed the Magistrate that its responses were late or incomplete. The Magistrate noted that as of November 29, 2017 – the date of the hearing before the Magistrate Judge on the instant motion – Noranda, who had acknowledged these deficiencies, **still** had not supplemented any of those deficient responses.

Additionally, the Magistrate Judge emphasized certain "unacknowledged" deficiencies that he and Associated uncovered, which satisfied the Magistrate that Noranda's conduct was willful. (Rec. Doc. 34 at 11.) In particular, the Magistrate Judge highlighted the ongoing failure of Noranda to produce three engineering reports concerning the dilapidated condition of Noranda's dock structure, which were dated before the March 2016 collapse.[5] Furthermore, Noranda failed to provide any reasonable explanation for not doing so. The Magistrate Judge stated:

---

[5] The three engineering reports include: (1) a January 2013 report to Noranda engineer Pat Harrington authored by Lanier & Associates Consulting Engineers, Inc.; (2) a Ragland Aderman and Associates report from a September 2012 inspection; and (3) a Eustis Engineering, LLC report dated November 8, 2012. (Rec. Doc. 17-2.)

It is unacceptable to this Court that Noranda and its
counsel were prepared to allow Associated to go forward
with corporate and fact witness depositions in October
2017 and a trial in December 2017 knowing it had not
produced such important documents as these. It is
likewise unacceptable to this Court that, after being
ordered to fully and completely respond to discovery by
September 13, 2017, Noranda to this day acknowledges it
has not done so but can provide no explanation for its
failure, all the while professing that it has acted in
"good faith." This is not good faith – far from it.

(Rec. Doc. 34 at 14.)

Ultimately, the Magistrate Judge determined that Noranda's
ongoing refusal to participate in discovery and its knowing and
ongoing violation of the Magistrate Judge's August 30, 2017 order
constitutes willful conduct warranting dismissal under Rules 37
and 41.[6]   The Magistrate also found it beyond question that
Associated has been substantially prejudiced in the preparation of
its defense due to the extreme delays caused by Noranda's discovery
abuses.   The Magistrate stated that such delays have denied
Associated the opportunity to fully explore the claims against it.

---

[6] The Magistrate noted that Noranda is also in violation of this Court's
scheduling order which set the discovery deadline on October 6, 2017. (Rec.
Doc. 34 at 16.)

Next, the Magistrate determined that no lesser sanction would achieve the deterrent value of the Federal Rules of Civil Procedure or better serve the interests of justice. First, the Magistrate noted that the only claim subject to the present motion to dismiss is not owned by the current plaintiff, Noranda. Beginning on October 25, 2017 and on several other occasions thereafter, Noranda has admitted that Gramercy Holdings – its successor-in-interest -- owns the claim against Associated. As such, the Magistrate concluded that the dismissal of Noranda's "non-existent claim" could not be characterized as draconian and lessens the harshness of the sanction. (Rec. Doc. 34 at 16.) Second, the Magistrate concluded that any lesser sanction such as a monetary one, would have no deterrent effect on Noranda because, again by its own admission, Noranda has no assets to fulfill a monetary sanction or money judgment against it.[7] Finally, the Magistrate noted that Gramercy Holdings is not before the Court so any sanction against it would be unenforceable and would have no effect.

Relatedly, the Magistrate Judge opined that Gramercy Holdings' "inexplicable failure" to substitute itself as the proper plaintiff may be an independent basis for dismissal of Noranda's claim pursuant to Rule 17. The Magistrate stated that

---

[7] On October 25, 2017, Noranda advised the Magistrate Judge by letter that it had approximately $220 million in unpaid liabilities and no funds to satisfy a judgment that may be obtained against it in this lawsuit. See Rec. Doc. 30.

"it is abundantly clear that [Gramercy Holdings'] failure is not due to oversight or lack of knowledge", noting that at the settlement conference on November 1, 2017, a representative of Gramercy Holdings attended instead of Noranda. (Rec. Doc. 34 at 17 n.6.) The Magistrate considered Associated's motion to dismiss as an objection sufficient to start the clock on Noranda's "reasonable time" to substitute under Rule 17(a)(3).[8]  However, the Magistrate ultimately did not recommend dismissal solely pursuant to Rule 17.  Instead, he found that the failure to substitute the proper party is "(1) additional evidence of its bad-faith failure to prosecute under Rule 41, (2) evidence that mitigated against the 'harshness' of dismissal under Rules 37 and 41, and (3) evidence that establishes the inefficacy of a sanction other than dismissal." (Rec. Doc. 34 at 18.)  Finally, the Magistrate did not recommend reasonable attorney's fees or costs against either entity considering the fact that Gramercy Holdings is not before the Court and Noranda is without means to satisfy a monetary sanction.

---

[8] Rule 17(a)(3) provides that the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

## OBJECTIONS

### A. **Noranda's Objection**

Noranda objects to the Magistrate's Report, arguing that the recommendation to dismiss was primarily based on Noranda's failure to produce three engineering reports and the failure to substitute Gramercy Holdings as the real party in interest. (Rec. Doc. 36 at 1, 2.) First, Noranda argues that it was improper for the Magistrate to focus on Noranda's failure to produce the engineer reports when Noranda had produced a number of other documents that identified similar dock conditions as those in the three engineer reports. Relatedly, Noranda contends that because it produced some documents and made a "diligent" search to try to locate other appropriate documents, its failure to comply and other discovery violations cannot be viewed as willful or intentional. (Rec. Doc. 36 at 2.) Second, Noranda argues that the Magistrate's focus on the failure to substitute was also improper because the first time Noranda was put "on notice" that there was an objection to the real party in interest issue was when the Magistrate's Report characterized Associated's motion to dismiss as such. Noranda argues that according to Rule 17(a)(3), the Court may not dismiss its claims until it is given a "reasonable time" to substitute the real party in interest after an objection has been made. Noranda states that now having been put "on notice" of an objection by Associated, it intends to file a motion to substitute Gramercy

Holdings as the real party in interest "in conjunction with this memorandum." (Rec. Doc. 36 at 2.)

## B. **Associated's Response**

Associated asks this Court to overrule Noranda's objections and adopt the Magistrate's Report in its entirety. (Rec. Doc. 39.) Associated argues that Noranda's discovery violations are ongoing and that the Magistrate's decision to recommend dismissal is supported by Fifth Circuit jurisprudence. With respect to Noranda's first objection regarding the three engineering reports, Associated argues that the Court should reject "Noranda's attempt to gloss over its utter disregard of the discovery process, the Federal Rules of Procedure and the Order and directive of this Court." (Rec. Doc. 39 at 4.) Associated argues that the Magistrate's decision was not the result of a single failure to produce relevant and discoverable reports, nor was it based only on a single violation of a discovery order. Rather, Associated states that the Magistrate's recommendation to dismiss was based on "a demonstrated pattern of behavior that persisted and continued up to and following the hearing on Associated's Motion to Dismiss on November 29, 2017." (Rec. Doc. 39 at 4.)

Associated also argues that Noranda's argument pursuant to Rule 17(a)(3) is completely without support in fact and in law. Associated contends that Noranda has been "on notice," at the earliest, since it sold its claim to New Day in October 2016, and

16

at the latest, at the November 29, 2017 hearing on this motion where its failure to substitute was specifically addressed before the Magistrate Judge. Additionally, Associated argues that the "reasonable time" period permitted under Rule 17(a)(3) is inapplicable here because the "determination of the right party to bring the action was not difficult and . . . no excusable mistake has been made." See Rideau v. Keller Independent School Dist., 819 F.3d 155, 165-67 (5th Cir. 2016). Finally, Associated avers that Noranda's objection regarding Rule 17 is irrelevant because the Magistrate did not base his recommendation to dismiss solely on that Rule. Rather, Associated states that Noranda's failure to substitute merely provided additional evidence which supported dismissal under Rules 37 and 41.

## LEGAL STANDARD

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.3, the Court referred this motion to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). A district judge must "determine de novo any part of the [Report] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court reviews all other portions of the Report for clear error. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## B. **Dismissal Under Rule 37**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), a district court is authorized to impose "just" sanctions on a party that refuses to obey a valid discovery order.[9] "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." Topalian v. Ehrman, 84 F.3d 433 (5th Cir. 1996). Under extreme circumstances, such sanctions may include dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees. See F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994). District courts are granted considerable discretion in exercising this authority, however, it is not unlimited. The Fifth Circuit has established that a district court does not abuse its discretion in awarding dismissal as a discovery sanction if "the refusal to comply results from willfulness or bad faith and is accompanied by

---

[9] Federal Rule of Civil Procedure 37(b)(2)(A) provides:
(2) *Sanctions Sought in the District Where the Action Is Pending.*
(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
Fed. R. Civ. P. 37(b)(2)(A).

a clear record of delay or contumacious conduct." F.D.I.C., 20 F.3d at 1380-81 (citations omitted). Additionally, the violating party's misconduct must substantially prejudice the opposing party. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985). Dismissal is also appropriate where a lesser sanction would not substantially achieve the desired deterrent effect. Id. On the other hand, dismissal is inappropriate if the violation of the discovery order is plainly attributable to the attorney instead of the client, or when a party's negligence is grounded in confusion or misunderstanding of a court order. PHI, Inc. v. Office & Professional Employees Intl. Union, 16-1469, 2009 WL 1658040 at *3 (W.D. La. 2009).

The Fifth Circuit has deemed dismissal with prejudice a "draconian remedy" and a "remedy of last resort." F.D.I.C., 20 F.3d at 1380 (citing Batson, 765 F.2d at 515). However, in some cases such a sanction is necessary "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Wilson v. James Indus. Contractors, 16-1263, 2016 WL 7717492, at *2 (E.D. La. Nov. 18, 2016) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

## C. **Dismissal Under Rule 41(b)**

Similar to Rule 37(b)(2), Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(a)(b). Dismissal under Rule 41(b) is an "extreme sanction" that is appropriate only where a "clear record of delay or contumacious conduct by the plaintiff exists and less sanctions would not serve the best interests of justice." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988); see also Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985). Additionally, the Fifth Circuit looks for proof of at least one of the following "aggravating factors": (1) delay caused by plaintiff and not his attorney, (2) actual prejudice to the defendant because of delay, and (3) delay caused by intentional conduct. See McNeal, 842 F.2d at 790 (citing Sturgeon, 778 F.2d at 1159).

## DISCUSSION

The Magistrate's Report recommends that this Court grant Associated's motion and dismiss Noranda's claims with prejudice based on Noranda's ongoing, willful discovery abuses and violation of the August 30, 2017 Order. It is worth noting that the Magistrate Judge is keenly familiar with the issues presented based on his multiple dealings with the parties throughout the discovery process.

Noranda objects to the Magistrate's Report on the grounds that it improperly focused on Noranda's failure to produce three engineering reports when Noranda had produced "numerous other responsive documents that identified similar conditions as described in" those reports.[10] (Rec. Doc. 36 at 2.) Noranda contends that the production of these "other" documents demonstrate that it made a "diligent" search to try to locate responsive documents, and therefore, that its failure to comply cannot be viewed as willful or intentional. Id

The Court is wholly unpersuaded by Noranda's argument. First, Noranda does not provide any reasonable explanation for why the production of these documents excuses its failure to produce highly relevant and discoverable engineering reports that discuss critical issues pertaining to Noranda's claims against Associated, especially when the discovery requests related to those reports have been pending for over a year. These engineering reports, dated in 2012 and 2013, detail extensive defects in the dock

---

[10] In support of its argument, Noranda attached six documents to its objection that it claims were produced to Associated and "show[] the conditions referred to in the" engineering reports. (Rec. Doc. 36 at 2.) The six documents include: (1) a "Bauxite Dock – West End and Dolphin Structural Inspection" dated September 6, 2006; (2) an email regarding structural priority of work from Ragland, Aderman & Associates dated October 24, 2006; (3) captioned photographs of the "Dock Fender Damage" dated March 1, 2013; (4) a Ragland, Aderman & Associates Engineer's Field Trip Report dated February 21, 2015; (5) captioned photographs of the dock dated March 31, 2015; and (6) captioned photographs of the dock dated November 21, 2015. (Rec. Docs. 36-2 through 36-7.)

structure that predate the collapse in 2016.[11]  As such, the information is vital to Associated's ability to explore its potential liability in this case and relatedly, its potential exposure for damages.  The production of other documents related to the condition of the dock does not diminish the significance of Noranda's failure to produce the engineering reports, nor does it cure Noranda's noncompliance with the Magistrate's Order to respond fully and completely to the discovery requests by September 13, 2017.  The record shows that these engineering reports have been in Noranda's possession and were subject to multiple, outstanding discovery interrogatories.  Moreover, Associated discovered the reports only as a result of Associated's third-party subpoena to the engineering companies that authored the reports.  Noranda's failure is further compounded by the fact that it is **<u>still ongoing</u>**, even after facing a motion to compel, a subsequent court order, a motion to dismiss, a hearing on a motion to dismiss, and a Magistrate Report recommending dismissal.  As such, the Court rejects Noranda's argument that the production of

---

[11] <u>See</u> Lanier & Associates Consulting Engineers, Inc.'s January 2013 report (Rec. Doc. 17-2 at 3) ("Lanier is of the opinion that the existing dock structure is NOT recommended for long term use in its present condition for the existing crane or any new crane option."); Ragland Aderman and Associates September 2012 report (Rec. Doc. 17-2 at 7) ("Combinations of fatigue, corrosion and construction deficiencies have caused past failures. Because of these combined conditions, it is not possible to accurately predict future joint failure or to mitigate all risk of a structural failure."); Eustis Engineering, LLC November 8, 2012 report (Rec. Doc. 17-2 at 9) ("This drawing suggests the unloading dock is moving . . . With this dock being approximately 53 years old, the dock is likely near the end of its life span.").

these other documents shows it has not acted willfully or intentionally.

In addition to the three engineering reports, many of the other discovery deficiencies discussed at the November 29, 2017 hearing on the motion to dismiss have also **_still_** not been supplemented or rectified by Noranda. (Rec. Doc. 39 at 5-6.) It is worth emphasizing that the motion to dismiss hearing was held five days before the trial was initially set to begin. Trial was only continued to March 5, 2018 due to a conflict in this Court's schedule. At that hearing, even while facing a pending motion to dismiss, counsel for Noranda admitted that it had not provided full and complete responses to written discovery and was still investigating responses. (Rec. Doc. 31 at 20-21.) Associated argues that to date, over five months past the Magistrate's September 13, 2017 deadline and less than one week away from trial, Noranda has still not "supplement[ed] its written responses to Associated's discovery requests to confirm **whether or not** it has located highly relevant information, including video footage at the dock, depreciation schedules for the property involved, protocols for inspection/maintenance of the dock, permits/licenses for the dock, or minutes of meetings of Noranda's board/members relevant to this claim, among other items." (Rec. Doc. 39 at 5-6) (emphasis in original). Moreover, at the November 29, 2017 hearing, counsel for Noranda advised the Magistrate that it had

additional emails that it was still reviewing but would produce to Associated. (Rec. Doc. 31 at 12.) That production has **also** not occurred. (Rec. Doc. 39 at 5.) The Court finds that such flagrant disregard for the discovery process and consistent, ongoing violations of a Court discovery order demonstrate nothing other than willful, intentional conduct on behalf of Noranda.

In all, nothing has changed in the nearly three months since the November 29, 2017 hearing on the motion to dismiss where these exact deficiencies were addressed by the Magistrate. The lack of progress, in terms of discovery compliance, is unsurprising given Noranda's lackadaisical attitude and pattern of intransigent behavior throughout this case, even when facing a motion to compel or motion to dismiss. At the hearing on the motion to dismiss, the Magistrate questioned counsel for Noranda on the issue:

> THE COURT: What I'm trying to figure out is, after I ordered documents to be produced - everything to be produced by September 13th, we're still here today talking about what is being worked on. That's what I don't get.
>
> [COUNSEL FOR NORANDA]: Well, Judge, I was, as I said, going through and organizing the documents that I had received, and as I was doing that I found deficiencies that I followed up on. I got more documents. When the case was continued, that, from my docket, decreased the

urgency. Obviously if that trial had stayed, I would have been pushing a lot harder.

THE COURT: I guess my order doesn't mean anything.

[COUNSEL FOR NORANDA]: No, Judge. In response –

THE COURT: How about the urgency associated with an order from this Court that says produce everything you have by September 13th?

[COUNSEL FOR NORANDA]: And, Judge, like I said, I did everything that I felt that I could to get up there and get the responsive documents so that I could do that. And as I went through the documents -- I mean, there are over 70 requests. And, I mean,

I'm dealing with a company that has changed hands, and – you know, I get these people to sit down and get me documents --

THE COURT: These people are the same people who have been there the whole time.

[COUNSEL FOR NORANDA]: They are, yes.

THE COURT: The company changing hands does not concern me. You're dealing with the same individuals. They're in the same place. And I presume the documents are in the same place. None of that has changed.

[COUNSEL FOR NORANDA]: That's my assumption as well, Judge.

> THE COURT: All right. Look, there's a history of, as I
> said, intransigence in this case with regard to
> Noranda's responses to discovery. I think that that is,
> frankly, beyond debate.

(Rec. Doc. 31 at 23 lines 10-25; 24 lines 1-17.)

Noranda also argues that the Magistrate Judge incorrectly stated that Noranda did not respond at all within the Magistrate's September 13, 2017 deadline to provide complete and full responses. Counsel for Noranda insists that he provided an "initial response to the document requests" consisting of over 500 documents on September 13, 2017, within the Magistrate's deadline. (Rec. Doc. 36 at 3.) However, even if Noranda provided this "initial response" on September 13, 2017, the fact remains that Noranda was still in direct violation of the Magistrate's order to provide *full and complete* responses without objection by that date. Despite the filing of the motion and the Magistrate's order to completely and fully respond, Noranda still provided only partial and incomplete responses - some of which Noranda still claims to be "investigating" and "researching" for information. With respect to responses that were provided two days after the Magistrate's deadline, counsel for Noranda relies on the fact that he requested that additional time from Associated, to which counsel for Associated agreed. It is axiomatic that approval from opposing counsel to violate a Court order does not equate to compliance

with that order. Noranda failed to even inform the Magistrate Judge that his responses were incomplete or that they were late. The fact that Noranda obtained an extension from opposing counsel or that it produced a few documents within the Magistrate's deadline does not shelter Noranda from the consequences of violating a Court order, especially when the order was only necessary by Noranda's complete failure to participate in discovery for over a year.

Turning to Noranda's objection regarding the substitution Gramercy Holdings pursuant to Rule 17(a)(3), the Court finds this argument without merit and difficult to reconcile. Noranda attempts to deflect the blame for the failure to substitute Gramercy Holdings on the fact that Noranda's first notice of an objection to the real party in interest was when the Magistrate Judge stated in his Report that he considered Associated's motion to dismiss as such an objection. Thus, Noranda argues that pursuant to Rule 17(a)(3), the Court cannot dismiss its claims and must give Noranda "reasonable time" from the time that objection was made in which to substitute the real party in interest.

The Court finds that this argument fails for a number of reasons. First, the Magistrate Judge specifically does not rely on Rule 17 in making his recommendation to dismiss with prejudice. Rather, the Magistrate Judge stated that it was merely more persuasive as to why dismissal would not be a draconian remedy under the circumstances. Second, Noranda appears to imply that

the lack of a formal objection is what has prevented it from substituting the real party in interest. This argument is disingenuous in light of the fact that Noranda has on multiple occasions acknowledged this issue and the intent to remedy it. Third, the Magistrate Judge stated that *at the latest*, Associated's November 8, 2017 motion to dismiss put Noranda on notice of Associated's objection. Even assuming, as Noranda argues, that Noranda received its first notice of an objection on January 3, 2018, the date the Magistrate issued his Report, it does not excuse Noranda's **ongoing** failure to substitute.[12] In the objection to the

---

[12] It is clear to this Court that Noranda had notice of this issue, and the objection thereto, much earlier that it purports. To start, the Asset Purchase Agreement between New Day Aluminum, LLC and Noranda was executed in October of 2016. Associated had made repeated requests for this information, yet received nothing until a year later when Noranda, in a letter to the Magistrate Judge dated October 25, 2017, admitted for the first time that Gramercy Holdings was the real party in interest. (Rec. Doc. 30.) In that same letter, counsel for Noranda states that a representative of Gramercy Holdings would attend instead of Noranda. Additionally, although not reflected in the minute entry, this Court recalls that during a telephone conference before this Court on November 9, 2017, counsel for Noranda stated that it intended to substitute Gramercy Holdings as the real party in interest. (Rec. Doc. 19.) Moreover, at the November 29, 2017 hearing regarding the motion to dismiss, it was the first issue the Magistrate Judge directed to counsel for Noranda. See Rec. Doc. 31 at 2 (transcript) ("Mr. Fay, first – does the named plaintiff in this case, Noranda Alumina, LLC, still own this claim?"). In response, counsel for Noranda confirmed that Gramercy Holdings was the real party in interest. Id. Regarding substitution, counsel for Noranda stated, "It is our intention to substitute that party for Noranda . . . we will clean up that detail. The claim is in the record and is pending, and it's just a matter of substituting Gramercy Holdings as the correct party." (Rec. Doc. 31 at 4 lines 7-9.) Most significantly, counsel for Noranda explicitly acknowledged an objection regarding this issue.

> THE COURT: Well, I don't know that it's that simple, you know, dealing with the claim, because it's been made in the context of this case when all the deadlines are gone. And, I mean, this is sort of a pattern in this case where things that are supposed to happen don't happen. And whether they've been ordered by the Court or whether – whether the facts demand that they happen -- for instance, the plaintiff in the case doesn't own the claim anymore, there are certain things that have to happen as the case moves forward, and this is just an example of something that hasn't

R&R, counsel for Noranda claims that a motion to substitute was not filed subsequent to the issuance of the R&R because counsel "was out of the country from January 10 through 20, 2018, and unable to confer with his client concerning preparation of the motion to amend the complaint to substitute Gramercy Holdings as the real party in interest." (Rec. Doc. 36 at 10.) Noranda's argument rings hollow in light of the fact that (1) the Magistrate Judge granted Noranda's request for an extension of time to file its objections based on its counsel's travel out of the country, moving the deadline for objections from January 17, 2018 to January 26, 2018; and (2) to date – over a month after its counsel's return -- Noranda has **still** not moved to substitute the real party in interest, despite stating to this Court that it would do so in conjunction with its objection to the R&R. See Rec. Doc. 36 at 10 ("Noranda will, in conjunction with this memorandum, file a motion to substitute Gramercy Holdings as the real party in interest, and it respectfully requests a reasonable time to submit that motion.").

---

happened. **And I doubt seriously that counsel for Associated is going to just lay down and let that happen.**

**[COUNSEL FOR NORANDA]: I'm sure they will object to that, Your Honor.**

**[COUNSEL FOR ASSOCIATED]: Yes, Your Honor, we would definitely object to that.**

(Rec. Doc. 31 at 4 lines 10-25.)

The Court notes that counsel for Associated makes a persuasive argument regarding the applicability of the "reasonable time" period in this case. See Rideau v. Keller Independent School Dist., 819 F.3d 155, 165-167 (5th Cir. 2016) (interpreting Rule 17 in light of the Advisory Committee Notes, which state that "this provision as added 'simply in the interests of justice' and 'is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.'"). Rather than providing the Court with an excusable or understandable explanation for why substitution has not occurred, Noranda's argument is that it deserves *more* time to do that which should have been done over a year ago when the transfer of interest occurred or, at the latest, after the hearing on the motion to dismiss on November 29, 2017 where the issue was directly addressed. Nevertheless, it is clear that even if the "reasonable time" period under Rule 17 applied, it has well since expired with every possible opportunity given to Noranda and/or Gramercy Holdings to properly substitute the real party in interest. After the hearing on the motion to dismiss on November 29, 2017 and then the R&R from the Magistrate Judge on January 3, 2018, there is still no sign that Noranda or Gramercy Holdings intend to follow through with a substitution, despite counsel for Noranda's claims stating otherwise. With trial a week away, it would be unreasonable and against the interests of justice for this Court

to force Associated to continue defending itself against a claim that is not even owned by the party bringing it.

   Regardless, the Court agrees with the Magistrate Judge that it is unnecessary to rely on Rule 17 as the sole basis for dismissal of Noranda's claims.  Rather, the Court finds that Noranda and/or Gramercy's continued failure to substitute is yet additional evidence of its bad faith failure to prosecute under Rule 41, evidence that mitigates against the harshness of dismissal under Rules 37 and 41, and evidence that establishes the inefficacy of a sanction other than dismissal. (Rec. Doc. 34 at 18.)

   The Court finds that the record establishes a pattern and clear history of abusive discovery practices, violations of the Federal Rules of Procedure, and direct noncompliance with a court order.  Significantly and inexcusably, these willful abuses and unjustified delays in responding to legitimate discovery are ongoing leading up to the day of trial.  Noranda's conduct has not only prejudiced Associated in the defense of the claims asserted against it, but it also threatens the integrity of the judicial process.  See McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988). Even after facing a motion to compel, a court discovery order, a motion to dismiss for failure to comply with that order, and a Magistrate's Report recommending dismissal, Noranda's behavior still remains undeterred.  As such, no lesser sanction would produce the necessary deterrent effect in this case, especially in

light of the fact that Noranda does not own the claim against Associated and has admitted it is without means to satisfy a monetary sanction or judgment as stated by the Magistrate.[13] Jurisprudence from this circuit supports dismissal under these circumstances. See e.g., Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427, 429-30 (5th Cir. 1987) (affirming district court's dismissal of plaintiff's claims when, in addition to counsel for plaintiff's contumacious conduct, plaintiff repeatedly failed to respond fully to discovery requests and violated a court discovery order); United States v. $49,000 Currency, 330 F.3d 371, 379 (5th Cir. 2003) (finding that the district court's did not abuse its discretion by imposing sanction of default judgment when claimants violated the court's discovery order and deadlines); Wilson v. Rentway, Inc., 03-CV-0636, 2004 WL 288531, at *1 (N.D. Tex. Feb. 11, 2004) ("Because plaintiff has failed to comply with the above-quoted order and failed to respond to proper discovery requests in compliance with the Federal Rules of Civil Procedure, the court finds that the sanction of dismissal with prejudice should be imposed on plaintiff, and that no lesser sanction would appropriately address plaintiff's failures.").

---

[13] Noranda did not assert any objection to the Magistrate's findings of prejudice suffered by Associated or its conclusion that a lesser sanction would not provide any deterrent effect.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Noranda's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Rec. Doc. 34).

**IT IS FURTHER ORDERED** that Associated's *Motion to Dismiss With Prejudice for Failure to Comply with a Court Order and Abuse of Discovery* **(Rec. Doc. 17) is GRANTED.** All claims asserted by Noranda in the above-captioned case are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this the 28th day of February, 2018.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE